**The below described is SIGNED.**



**Dated: January 30, 2015**

WILLIAM T. THURMAN
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SLC INN LLC<br><br>Debtor. | Bankruptcy Case No. 14-30634<br><br>Chapter 11<br><br>Honorable William T. Thurman<br><br>(Filed Electronically) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The hearing on confirmation of the Debtor's Plan of Reorganization, dated December 11, 2014 filed by SLC Inn LLC, the Debtor and Debtor-In-Possession [docket #79] (the "Plan"), was held before the Honorable William T. Thurman on January 29, 2015 at 2:00 p.m. Blake D. Miller of Miller Toone, P.C. appeared on behalf of the Debtor; David H. Leigh of Ray Quinney & Nebeker appeared on behalf of Wells Street Capital VII LLC; P. Matthew Cox appeared on behalf of Ford Motor Credit Co. LLC; Peter H. Kuhn appeared on behalf of the United States Trustee and other parties appeared as may be noted on the record. The Bankruptcy Court, having considered the matters before it, including the Plan, the Plan ballots, the Declaration of Wolter Mehring in Support of Confirmation of the Plan, and good cause appearing, hereby makes the

following Findings of Fact and Conclusions of Law[1], in addition to any findings made of record at the hearing:

1. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C.§ 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

3. <u>Transmittal and Mailing of Material; Notice</u>.  All due, adequate and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Equity Interest in accordance with the Bankruptcy Rules.  The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors and holders of Equity Interests entitled to vote on the Plan, and such transmittal and service were

---

[1] Findings of Fact shall be construed as conclusions of law and Conclusions of Law shall be construed as findings of fact were appropriate.  <u>See Fed. R. Bankr. P. 7052.</u>

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

adequate and sufficient. No other or further notice of the Plan or Confirmation Hearing is or shall be required.

4. <u>Solicitation</u>. The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of §1125, and is entitled to the protections afforded by §1125(e).

5. <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and Equity Interests and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the Bankruptcy Court, and all other rules, laws and regulations.

6. <u>Creditor's and Equity Holders' Acceptance of Plan</u>. The Plan establishes seven Classes of Creditors and one Class of Equity Interests, for a total of eight separate Classes. All impaired classes accepted the Plan. Classes 3, 4, 5, 6, 7 and 8 affirmatively voted to accept the Plan. No creditors voted against or objected to confirmation of the Plan.

7. <u>Modifications Comply with § 1127(a)</u>. The modifications to the Plan announced at the confirmation hearing have been consented to by the affected creditor and do not adversely affect or change the treatment of any other Claims or Interests, thereby satisfying §1127(a).

8. <u>Plan Complies with Bankruptcy Code</u>. The Plan, as modified by the Confirmation Order, complies with the applicable provisions of the Bankruptcy Code, thereby satisfying §1129(a)(1).

a. <u>Proper Classification.</u> The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests in each such Class. The Plan properly classifies Claims and Interests. In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates various separate classes of Claims and Equity Interests based on differences in their legal nature or priority. Further, valid business, factual and legal reasons exist for separately classifying the various classes of Claims and Equity Interests under the Plan. Finally, the Classes do not unfairly discriminate between holders of Claims or Equity Interests. Thus, the Plan satisfies §§ 1122 and 1123(a)(1).

b. <u>Specify Unimpaired Classes.</u> Other than for Priority Tax Claims and other Priority Claims, the Plan does not contain any other Unimpaired Classes.

c. <u>Specify Treatment of Impaired Classes.</u> Classes 3 through 8 are designated as Impaired under the Plan. Article IV of the Plan specifies the treatment of the Impaired Classes of Claims and Equity Interests, thereby satisfying §1123(a)(3).

d. <u>No Discrimination.</u> The Plan provides for the same treatment for each Claim and Equity Interest in each respective Class until the holder of a particular Claim or Equity Interest has agreed to less favorable treatment with respect to such Claim or Equity Interest, thereby satisfying § 1123(a)(4).

e. <u>Implementation of Plan.</u> The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5).

f. <u>Voting Equity.</u> The Operating Agreement of the Debtor provides only for voting memberships, thereby satisfying §1123(a)(6).

g. <u>Selection of Manager.</u>  The Manager of the Debtor is that selected by the Debtor's members in the Operating Agreement.  Section 1123(a)(7) is thus satisfied.

h. <u>Additional Plan Provisions.</u>  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the assumption of executory contracts and unexpired leases, and (b) the retention and future enforcement by the Debtor of Claims under Chapter 5 and applicable non-bankruptcy law and (c) modification of the rights of holders of Secured Claims, thus satisfying the requirements of § 1123(b).

i. <u>Bankruptcy Rule 3016(a).</u>  The Plan is dated and identifies the Debtor as the proponent, thereby satisfying Bankruptcy Rule 3016(a).

9. <u>The Debtor has Complied with the Bankruptcy Code.</u>  The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(2).

a. The Debtor is a proper proponent of the Plan under § 1121(c)(2).

b. The Debtor has complied generally with applicable provisions of the Bankruptcy Code.

c. The Debtor has complied with applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other Orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

10. <u>Plan Proposed in Good Faith.</u>  The Debtor proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court examined the totality of the circumstances surrounding

the filing of the Bankruptcy Case and the formulation of the Plan.  The Debtor proposed the Plan with the legitimate and honest purposes of, among other things, reaching a fair, equitable and expeditious resolution of the complex business and legal issues presented by the Bankruptcy Case.  Further, there is a reasonable likelihood that the Plan will achieve its intended results which are consistent with the purposes of the Bankruptcy Code.  Finally, the Plan is feasible, practical and will enable the Debtor to continue its business and pay its debts.

11. <u>Payments for Services and Costs and Expenses.</u>  Any payment made or to be made under the Plan for services or for costs and expenses or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by professionals, or in connection with the Plan and incident to the Bankruptcy Case, has been approved, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

12. <u>Directors, Officers and Insiders.</u>  The Debtor's Manager and related officers have been disclosed.  The service of the Debtor's Manager post-confirmation is consistent with the interests of the holders of Claims and Equity Interests and with public policy.  Therefore, the Debtor has complied with § 1129(a)(5).

13. <u>No Rate Changes.</u>  The Plan satisfies § 1129(a)(6) because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

14. <u>Best Interests of Creditors Test.</u>  The Plan satisfies § 1129(a)(7) because each Class of Claims and Equity Interests that is Impaired and entitled to vote under the Plan has voted (or, opting not to vote or object to confirmation, is deemed) to accept the Plan as modified in the Confirmation Order, which modifications have resulted in the Confirmed Plan.  In any event, the holders of Claims and Interests in all Classes will receive or retain property of a value not less

than what such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

15. <u>Acceptance by Certain Classes.</u> Classes 3 through 8 have voted to accept the Plan, as noted above, thereby satisfying § 1129(a)(8).

16. <u>Treatment of Administrative Expense Claims and Priority Tax Claims.</u> The Plan satisfies § 1129(a)(9). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by § 1129(a)(9).

17. <u>Acceptance by at Least One Impaired Class.</u> Classes 3 through 8 have voted to accept the Plan, and the acceptance of at least one of such accepting Impaired Classes has been determined without including the votes of any Insiders, thus satisfying § 1129(a)(10).

18. <u>Feasibility.</u> The Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or further financial reorganization.

19. <u>Payment of Fees.</u> All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to the Plan, thereby satisfying § 1129(a)(12).

20. <u>Retiree Benefits.</u> The Plan complies with § 1129(a)(13) because the Debtor has no retirees and owes no retiree benefits.

21. <u>Fair and Equitable; No Unfair Discrimination.</u> Compliance with § 1129(b) is not required because each Impaired Class has accepted the Plan. In any event, the Plan satisfies at least one of the three alternatives under § 1129(b)(1)(A) as to each Class of Secured Claims. Further, even if Class 6 Unsecured Creditors were a dissenting Class and the requirements of § 1129(b)(1)(A) were applicable, the holder of each Unsecured Claim will receive on account of

such Claim property of a value, as of the Effective Date, equal to the Allowed Amount of such Claim.

22. No Other Plan. No other Chapter 11 Plan is pending before the Court in this Bankruptcy Case and § 1129(c) does not apply.

23. Principal Purpose of Plan. The principal purpose of the Plan is not the avoidance of taxes of the avoidance of the application of § 5 of the Securities Action 1933 (15 U.S.C. § 77e). Therefore the Plan satisfies the requirements of §1129(d).

24. The Court announced other findings of fact and conclusions of law on the record of the hearing, which findings and conclusions are incorporated herein by reference.

25. In summary, the Plan complies with and the Debtor has satisfied all applicable confirmation requirements and the Plan will be confirmed upon entry of the separate Confirmation Order.

[End of Order]

Approved as to form:

| | |
|---|---|
| */s/ Blake D. Miller* | */s/ Peter J. Kuhn* |
| MILLER TOONE, P.C. | Peter J. Kuhn |
| Blake D. Miller | United States Trustee |
| Deborah R. Chandler | |
| Attorneys for SLC Inn LLC | |

| | |
|---|---|
| */s/ David H. Leigh* | */s/ P. Matthew Cox* |
| RAY QUINNEY & NEBEKER, P.C. | SNOW, CHRISTENSEN & MARTINEAU |
| David H. Leigh | P. Matthew Cox |
| Attorneys for Wells Street Capital VII LLC | Attorneys for Ford Motor Credit Co. LLC |

## DESIGNATION OF PARTIES TO BE SERVED

Service of the **FINDINGS OF FACT AND CONCLUSIONS OF LAW** shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- *Deborah Rae Chandler*   chandler@millertoone.com
- *P. Matthew Cox*   bankruptcy_pmc@scmlaw.com
- *Peter J. Kuhn tr*   Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- *David H. Leigh*   dleigh@rqn.com, dburton@rqn.com;docket@rqn.com
- *Blake D. Miller*   miller@millerguymon.com, millermobile@gmail.com;miller@ecf.inforuptcy.com;miller.blaked@gmail.com
- *United States Trustee*   USTPRegion19.SK.ECF@usdoj.gov
- *Joel T. Zenger*   zenger@millerguymon.com

*/s/ Blake D. Miller*
Blake D. Miller